PS5-153                                                                 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4340
_____

JOSE A. ROSALES-ALVARADO,
                                                    Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                                    Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A098-400-820)
Immigration Judge:  Honorable Dorothy A. Harbeck
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 2, 2015

Before:  CHAGARES, JORDAN and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  July 7, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jose Armelio Rosales-Alvarado, a native and citizen of El Salvador, entered the United States without permission in 2004. Although he was ordered removed in absentia soon thereafter, Rosales-Alvarado remained in the country. In January 2013, following his arrest and conviction in Virginia for driving without a license, Rosales-Alvarado was removed to El Salvador. Approximately four months later, Rosales-Alvarado reentered the United States and was immediately apprehended by immigration officials. The Government reinstated Rosales-Alvarado's prior removal order under 8 U.S.C. § 1231(a)(5). During reinstatement proceedings, Rosales-Alvarado expressed a fear of persecution and torture in El Salvador, which an asylum officer found reasonable. As a result, Rosales-Alvarado's case was referred to an Immigration Judge ("IJ") for "withholding-only" proceedings, see 8 C.F.R. § 208.31(e), wherein Rosales-Alvarado applied for withholding of removal and protection under the Convention Against Torture ("CAT").

During an administrative hearing, Rosales-Alvarado testified that in March 2004, while in El Salvador, he witnessed five people stab an unknown individual. Although Rosales-Alvarado did not know the formal identities of the assailants, he knew one of them was nicknamed "El Speedy." Rosales-Alvarado did not report the incident to police, however, because he was fearful of retaliation. Rosales-Alvarado explained that shortly after he witnessed the stabbing, El Speedy contacted his brother-in-law inquiring about Rosales-Alvarado's whereabouts. This prompted Rosales-Alvarado to hide at his

2

parents' home, and to later flee the country. Rosales-Alvarado also testified that shortly after that incident, his brother-in-law was killed by gang members in El Salvador. Rosales-Alvarado believes that his brother-in-law was targeted in retaliation for his having witnessed the March 2004 stabbing. Rosales-Alvarado also testified that when he returned home in early 2013, he learned from family members that he would not be safe if he remained in El Salvador.

The IJ denied relief and ordered Rosales-Alvarado removed to El Salvador, concluding that Rosales-Alvarado was unable to demonstrate his eligibility for withholding of removal or protection under the CAT. On March 7, 2014, the Board of Immigration Appeals ("BIA" or "Board") upheld the IJ's decision regarding the denial of CAT relief.[1] On September 8, 2014, Rosales-Alvarado presented a motion to reopen to the BIA, arguing that conditions and circumstances in El Salvador had changed since the BIA issued the final order of removal. On October, 16 2014, the BIA denied the motion, ruling that it was untimely and did not qualify for any exception to the filing requirement. The Board also declined to reopen the proceedings sua sponte. Thereafter, Rosales-Alvarado filed a petition for review in this Court attaching both the March 7, 2014 and September 8, 2014 decisions of the BIA. The Government moved to dismiss the petition for review, in part, for lack of jurisdiction.

---

[1] The BIA did not review the IJ's decision to deny Rosales-Alvarado's application for withholding of removal, concluding that Rosales-Alvarado failed to raise any issues with respect to that ruling in his brief.

We must first address our jurisdiction to entertain the petition for review. The Government correctly argues that we lack jurisdiction to review the BIA's March 7, 2014 decision. Rosales-Alvarado had thirty days to file a petition for review from that order, which was separately appealable to this Court. See 8 U.S.C. § 1252(b)(1); Castro v. Att'y Gen., 671 F.3d 356, 364 (3d Cir. 2012) (citing Stone v. INS, 514 U.S. 386, 405 (1995)). Importantly, filing a motion to reopen does not toll the 30-day period for seeking review of the BIA's earlier decision on the merits. See Castro, 671 F.3d at 364 (citing Stone, 514 U.S. at 398-99). Because we did not receive Rosales-Alvarado's petition for review until October 31, 2014 (with a mailing date of October 28, 2014), it is timely only with respect to the BIA's October 16, 2014 order denying his motion to reopen.

We review the BIA's decision to deny Rosales-Alvarado's motion to reopen under a deferential abuse of discretion standard, reversing only if the BIA's decision was arbitrary, irrational, or contrary to law. Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). Generally, an alien may file a motion to reopen with the BIA "no later than 90 days after the date on which the final administrative decision was rendered[.]" 8 C.F.R. § 1003.2(c)(2); see also 8 U.S.C. § 1229a(c)(7)(C)(i). The time requirement is waived for motions to reopen that are "based upon changed country conditions proved by evidence that is material and was not available and could not have been discovered or

4

presented at the previous proceeding." Pllumi v. Att'y Gen., 642 F.3d 155, 161 (3d Cir. 2011); see also 8 U.S.C. § 1229a(c)(7)(C)(ii); accord 8 C.F.R. § 1003.2(c)(3)(ii). A showing of changed country conditions is a prerequisite for an analysis of the full merits of the motion to reopen. See Shardar v. Att'y Gen., 503 F.3d 308, 312 (3d Cir. 2007). "The burden of proof on a motion to reopen is on the alien to establish eligibility for the requested relief." Pllumi, 642 F.3d at 161 (citing 8 C.F.R. § 1003.2(c)).[2]

Rosales-Alvarado does not dispute that his motion to reopen was filed more than ninety days after the Board's final order of removal. Rather, he argued that his motion fell within the exception to the time limit based on a claim of changed circumstances and conditions in El Salvador. Rosales-Alvarado presented with his motion to reopen a personal declaration and two statements from his father, who lives in El Salvador. Rosales-Alvarado and his father explained that El Speedy is now a member of the national government and that, around July 2014, El Speedy directed the police to issue an arrest warrant for Rosales-Alvarado. Rosales-Alvarado's father also claimed that after Rosales-Alvarado was removed to El Salvador in 2013 (following his conviction in Virginia), El Speedy and other gang members attacked and badly injured Rosales-Alvarado. He claimed that they did so in retaliation for his having identified El Speedy as one of the attackers in the 2004 stabbing incident.

The BIA determined that this evidence did not support the conclusion that any

_____

[2] This Court lacks jurisdiction to review the BIA's decision to the extent it declined to

alleged threat to Rosales-Alvarado's safety in El Salvador has either changed or escalated since the time of his hearing before the IJ. As a result, the BIA concluded that Rosales-Alvarado failed to demonstrate materially changed circumstances or conditions in El Salvador. The BIA further found that the evidence did not show a probability of persecution on a protected ground or torture with government acquiescence.

Having reviewed the record, we conclude that the Board acted within its discretion in denying Rosales-Alvarado's motion to reopen as untimely filed because he failed to show changed country conditions in El Salvador sufficient to exempt him from the 90-day deadline. As a threshold matter, we are confident that the Board fully considered Rosales-Alvarado's new evidence. As mentioned, Rosales-Alvarado supported his claim of changed conditions with his general declaration as well as two statements from his father.[3] He argues in his opening brief that the Board failed to give adequate consideration to those documents. However, the BIA's opinion demonstrates that it meaningfully reviewed Rosales-Alvarado's arguments and the evidence that he presented. Further, we have previously determined that "the BIA is not required to write an exegesis on every contention." Toussaint v. Att'y Gen., 455 F.3d 409, 414 (3d Cir. 2006) (internal quotation marks and citation omitted). "In fact there is no advantage in writing a long opinion when a short one will do as the parties do not want law review

---

grant relief sua sponte. Pllumi, 642 F.3d at 159.

[3] Rosales-Alvarado did not submit any country reports to support his claim of changed conditions, however.

articles, they want intelligible opinions explaining the basis for the court's determination." Id.

We further determine that the Board reasonably concluded that the evidence Rosales-Alvarado presented does not show a material change in conditions in El Salvador. Although Rosales-Alvarado claimed in his motion to reopen that he had been attacked by El Speedy following his return to El Salvador in 2013, he testified at his earlier administrative hearing that he had not, in fact, been harmed during that period. It is unclear why Rosales-Alvarado altered his story in the motion to reopen. In any event, because this alleged attack was known to Rosales-Alvarado at the time of his administrative hearing, the information was not previously unavailable. And, although Rosales-Alvarado claims that El Speedy is a member of the government, he provided no information outside of his father's statement suggesting that is the case. Nor did Rosales-Alvarado provide a copy of the arrest warrant that he claims El Speedy directed the police to issue against him. Moreover, he did not explain when El Speedy became involved in government; he may have been involved before Rosales-Alvarado's administrative hearing. Given that lack of information, the BIA did not abuse its discretion in concluding that Rosales-Alvarado failed to demonstrate a material change in conditions since his September 2013 hearing before the IJ.[4]

---

[4] Because we affirm on this basis, we need not review the Board's additional ruling that Rosales-Alvarado also failed to establish a prima facie case for the relief sought.

Accordingly, the Government's motion to dismiss the petition for review is granted to the extent that we lack jurisdiction and the petition will be otherwise denied.